Don Willard, *Respondent,* v. Cunningham Bros., *Co-partners, Appellants.*[1]

*Julia Waldrip Ker, Harry L. Parr,* and *James P. Neal,* for appellants.

*P. C. Kibbe* and *C. D. Cunningham,* for respondent.

Parker, J.—The plaintiff, Willard, commenced this action in the superior court for Thurston county seeking recovery of damages claimed as the result of the defendants, Cunningham Bros., copartners, unlawfully evicting him from a storeroom occupied by him as their tenant. Trial upon the merits in the superior court, sitting with a jury, resulted in a verdict awarding him recovery in the sum of two thousand five hundred dollars. Cunningham Bros. moved for a new trial, which the court disposed of by denial, on condition that Willard accept a reduced award in the sum of one thousand five hundred dollars. He elected to accept such reduced award. Thereupon, final judgment was rendered awarding him recovery against Cunningham Bros. in that sum, from which they have appealed to this court.

[1]Reported in 20 P. (2d) 35.

It is first contended in behalf of Cunningham Bros. that the evidence does not support any recovery by Willard, the evidence being so challenged by appropriate motions made in the superior court. In June, 1931, Cunningham Bros. rented to Willard for a meat market a portion of their grocery storeroom. The portion so rented was partitioned off so that it became a separate room, to be exclusively occupied by Willard, in which it was contemplated that he would conduct his meat market. There was a door to the market opening directly to the street. The partition between the grocery store and the market was partially removable so customers could pass directly from one to the other. This was open during business hours.

The tenancy was a month to month tenancy, with reserved rental in the sum of fifty dollars per month. It does not appear as to whether there was an express agreement that the monthly rental was to be paid in advance or at the end of each month. However, Cunningham Bros. did not assume to terminate the tenancy because of Willard's default in payment of the rent.

Willard equipped the room with market furniture and fixtures of the value of some two thousand five hundred dollars, suitable for conducting a first-class meat market, and commenced his business therein. He continued his business until the usual closing time for the day on September 15, 1931, having paid the rent for all the prior months. When he returned to the market for the opening of business on the following morning, Cunningham Bros. had taken possession of the room, and then refused Willard any further access to the room for the continuing of his business. They did, however, allow him to then remove his perishable stock of meat on hand, which he then took away and sold back to the wholesaler from whom he had bought

it, at a loss below the wholesale price, not being able to otherwise dispose of it.

Cunningham Bros. did not give to Willard any alternative notice to pay the rent for September or vacate the room, nor any notice of their intention to terminate the tenancy at the end of September, October or any later monthly period, as provided in Rem. Rev. Stat., §§ 812 and 10619, relating to the termination of monthly and other periodic tenancies. The foregoing summary of facts is supported by the evidence.

There was some other evidence introduced in behalf of Cunningham Bros. tending to show that Willard voluntarily surrendered the premises on September 16 when he took away his perishable stock of meat. But the jury was not obliged to believe such evidence, or that Willard then, or since then, voluntarily surrendered the room. So it appears plain that Willard was, at all events, legally secure in his tenancy until at least November 1, 1931; that is, for a period of forty-seven days following his being dispossessed of the room by Cunningham Bros. We are of the opinion that the evidence supports the conclusion that Willard was unlawfully dispossessed and suffered substantial damage thereby.

It is further contended in behalf of Cunningham Bros. that, at all events, the evidence does not support recovery against them in the sum of one thousand five hundred dollars, and that such recovery is excessive. We have seen that Willard was unlawfully prevented from carrying on his business in the room, at least during the period from September 16 to October 31, inclusive, within which period there were forty business days. The evidence warrants the conclusion that Willard's business had become well established and was earning him eighteen dollars per day net; and that he could not, within that period, have profitably estab-

lished his business in another locality. So it seems plain that the evidence warrants the conclusion that the unlawful actions of Cunningham Bros. caused Willard to lose fairly certain prospective profits amounting to at least seven hundred fifty dollars.

The evidence also warrants the conclusion that Willard sold his perishable meat back to the wholesaler at a loss of $123 below its going wholesale value, he being unable to otherwise dispose of it; and that he could not get more for it because it had been cut up and prepared for retail, which impaired its wholesale market value. The evidence also warrants the conclusion that Willard suffered substantial damages by reason of the manner in which Cunningham Bros. took possession of his market furniture and appliances and removed them from the room in his absence, incident to which they were damaged and some of them lost. It is difficult to measure this damage with exactness, but that it was of a very substantial amount was proven, as the jury could, and manifestly did, conclude from the evidence.

When it is proven that damage in a substantial amount is suffered as the result of a clearly proven, wilful wrong of another, the courts are not inclined to measure the amount of such damage with any degree of exactness, unless the proof enables such measurement to be made. We are unable to see that the fifteen hundred dollar award is excessive.

Other assignments of error, as here presented, we think, do not call for our serious consideration.

The judgment is affirmed.

BEALS, C. J., MITCHELL, and HOLCOMB, JJ., concur.

MILLARD, J. (dissenting)—I do not find evidence to support a verdict for more than six hundred and forty dollars.